BRISON v. PACIFIC COMMERCIAL CO.

(Supreme Court, Appellate Term, First Department.    April 26, 1916.)

1. CONTRACTS &⟶278(2)—PERFORMANCE OF SERVICE—ADJUSTING CLAIMS.

In an action for services under a contract whereby plaintiff agreed to adjust certain claims for damages against defendant for its failure to fill orders which he had procured from three customers, a showing that plaintiff was engaged to "cancel" such orders, and that he failed to obtain the cancellation of one customer's order, and that defendant had to pay to obtain its cancellation, did not entitle him to the agreed compensation as to that claim.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1207; Dec. Dig. &⟶278(2).]

2. EVIDENCE &⟶471(29)—FACT OR CONCLUSION.

In such action, plaintiff's affirmative reply to the question as to whether he was still to receive his commission, after he stepped aside and left the procurement of a cancellation of one order to the defendant, was objectionable as a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2174; Dec. Dig. &⟶471(29).]

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by William M. Brison against the Pacific Commercial Company. From a judgment for the sum of $2,022.99, entered on a verdict in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and a new trial ordered, unless plaintiff stipulates to reduce the recovery, in which event judgment, as reduced, to be affirmed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Du Bois Beale and Henry W. Goddard, both of New York City, for appellant.

Maurice B. & Daniel W. Blumenthal, of New York City (Daniel W. Blumenthal, of New York City, of counsel), for respondent.

GUY, J. The complaint alleges that on or about February 1, 1914, the parties entered into a contract by which the plaintiff "agreed to adjust certain claims for damages against defendant" arising out of the nondelivery by defendant of 2,300 dozen Japanese hats theretofore sold by plaintiff for the account of the defendant to various customers; that for said services defendant agreed to pay plaintiff 75 cents per dozen hats; that the plaintiff duly performed all the conditions of said contract, by reason whereof there became due from defendant to plaintiff $1,725, with interest. The answer is a general denial.

Oral evidence in support of the alleged agreement was given at the trial against the objection of the defendant that the relations and rights of the parties were governed by a contract in writing dated December 18, 1913; but the learned trial justice correctly ruled that the agreement pleaded was independent of the written contract, and the oral testimony was properly admitted to substantiate the plaintiff's claim.

Acting as broker for the defendant, plaintiff had procured orders from three concerns—A. J. Gallay, Sol Ducker & Co., and the Superior Hat Works—for the sale and delivery to them by the defendant of 2,300 dozen hats according to sample. It turned out, however, that the defendant could not furnish the hats in accordance with the sample submitted, and plaintiff testified that he was requested by Tobey, defendant's representative, to—

"go and have these three sales canceled. I said to him, 'How about our commission on these sales?' He said distinctly to me, 'You will be protected on these sales the same as originally, an allowance of 75 cents a dozen.' Q. If you did what? A. Go out and cancel the orders."

As to Sol Ducker & Co. and the Superior Hat Works the evidence was sufficient to justify the jury in finding that the plaintiff procured the cancellation of these orders. With respect to A. J. Gallay, however, the plaintiff testified that that customer refused to cancel his order, and insisted that he be paid $1.50 a dozen as damages for the defendant's breach of contract; that at the request of Tobey the plaintiff then stepped aside; and it seems that Tobey subsequently procured, on what terms it does not appear, a cancellation of the Gallay

contract. Plaintiff's associate, Cattel, stated that Tobey said it cost defendant a considerable sum to cancel that order.

[1] The agreement alleged in the complaint was one to "adjust" the claims of defendant's customers arising out of defendant's inability to supply the hats according to sample, but the plaintiff's testimony is that he was engaged to "cancel" the orders. While the cancellation of a claim may be an adjustment thereof, it is clear that, if the defendant had to pay $1.50 a dozen to Gallay as damages for defendant's breach as a prerequisite to the cancellation of the contract, the result would not effect a cancellation of the order within the meaning of the contract as testified to; the evident intention of the parties being that plaintiff was to procure the cancellation free of any claim for damages. When plaintiff was told to cease his efforts with Gallay, the latter was insisting that he be paid his legal damages. In so far as that particular customer was concerned, therefore, the plaintiff did not perform his engagement.

[2] Respondent claims, however, that defendant agreed to give the plaintiff the stipulated compensation on the Gallay order, whether plaintiff procured a cancellation or not, because after the plaintiff had testified that Tobey asked him to step aside, so that Tobey could take up the matter, plaintiff was asked by his counsel, "You were still to receive your commission?" To which plaintiff replied, "Yes." This question, however, called for a conclusion on the part of the plaintiff, and is not supported by any competent evidence in the case. So that the plaintiff not only failed to prove that he secured a cancellation of the Gallay order in accordance with his plea of performance, but he also failed to establish that he was prevented by the defendant from performing that portion of his contract, or that the defendant waived performance in that regard.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to $600, with interest and costs in the court below, in which event the judgment, as so reduced, will be affirmed, without costs. All concur.